**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **ELVIRA MARTINEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00040-O-BP** |
| | § | |
| **ANDREW M. SAUL,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Elvira Martinez ("Plaintiff") filed this action on behalf of Salvador Martinez ("Martinez") under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of her application for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act ("SSA"). ECF No. 1; Tr. 378. After considering the pleadings, briefs, and administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

## I.    STATEMENT OF THE CASE

Martinez was born on October 9, 2005. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 14-1 at 34. On January 3, 2006, Plaintiff filed an application for SSI on Martinez's behalf. *See* Tr. 378. The Social Security Administration determined that Martinez was disabled as of October 9, 2005. Tr. 30. The administration determined that Martinez was still disabled on May 17, 2012. *Id.* On February 29, 2016, the administration determined that Martinez was no longer disabled as of March 1, 2016. Tr. 303, 325, 327. Upon reconsideration, the administration upheld this determination. Tr. 30, 332. Following a February 15, 2018 video hearing held before

Administrative Law Judge ("ALJ") J. Dell Gordon, the ALJ issued a decision on May 16, 2018, finding that Martinez's disability ended as of March 10, 2016, and Martinez has not become disabled again since that date. Tr. 30, 45.

In the decision, the ALJ employed the statutory three-step analysis used in determining whether a child continues to be disabled. Tr. 30 (citing 20 C.F.R. § 416.994a(b) (2020)). At step one, the ALJ determined that as of March 10, 2016, Martinez's condition had medically improved since May 17, 2012, the date of the most recent medical decision finding that Martinez continued to be disabled. Tr. 33–34. This decision is known as the "comparison point decision" ("CPD"). Tr. 33. At the time of the CPD, Martinez had the medically determinable impairment of hypoplastic left heart syndrome status post Norwood procedure. *Id.* The Social Security Administration determined that this impairment medically equaled § 104.06A4 of the Listing of Impairments ("Listings"). Tr. 33 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1); Tr. 163. At step two, the ALJ found that since March 10, 2016, the impairments that Martinez had on the CPD date have not met, medically equaled, or functionally equaled the Listings. Tr. 34. At step three, the ALJ followed the required analysis and determined that Martinez is not currently disabled. *See* Tr. 30–45. He first determined that since March 10, 2016, Martinez has had the severe impairments of symptomatic congenital heart disease and speech and language delays. Tr. 40. The ALJ then determined that since March 10, 2016, Martinez's impairments have not met or medically equaled the Listings. Tr. 41. Finally, the ALJ determined that since March 10, 2016, Martinez's impairments have not functionally equaled the Listings. *Id.* The ALJ concluded that Martinez's disability ended as of March 10, 2016, and he has not been disabled again since that date. Tr. 45.

The Appeals Council denied review on February 26, 2019. Tr. 1. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See*

*Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a child who has been found to be disabled is still disabled, the Commissioner employs a sequential three-step analysis. 20 C.F.R. § 416.994a(b) (2020). First, the Commissioner determines whether there has been medical improvement in the impairments that the claimant had at the time of the most recent favorable determination or decision. *Id.* § 416.994a(b)(1). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable decision that [he was] disabled or continued to be disabled." *Id.* § 416.994a(c). If there has been no medical improvement, the Commissioner will find that the disability continues. *Id.* § 416.994a(b)(1). Second, if there has been medical improvement, the Commissioner considers whether the impairments that he considered at the time of the CPD still meet or equal the severity of the listed impairments that they met or equaled on the CPD date. *Id.* § 416.994a(b)(2). If so, the Commissioner will find that the disability continues. *Id.* Third, if the impairments do not meet or equal the severity of the Listings and there has been medical improvement, the Commissioner will

follow a three-step analysis to determine whether the claimant is disabled under §§ 416.924(c) and (d). *Id.* § 416.994a(b)(3). First, the Commissioner will determine whether the claimant's impairments are severe. *Id.* § 416.994a(b)(3)(i). If they are not, the Commissioner will find that the disability has ended. *Id.* Second, if the impairments are severe, the Commissioner will determine whether the impairments meet or medically equal the severity of any listed impairments. *Id.* § 416.994a(b)(3)(ii). If they do, the Commissioner will find that the disability continues. *Id.* Third, if the impairments do not meet or medically equal the severity of any listed impairment, the Commissioner will determine whether the impairments functionally equal the Listings. *Id.* §§ 416.994a(b)(3)(ii) and (iii). If so, the Commissioner will find that the disability continues, and if not, the Commissioner will find that the disability has ended. *Id.* § 416.994a(b)(3)(iii).

This Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.    ANALYSIS

Plaintiff raises one issue on appeal. She claims that the ALJ erred by failing to evaluate or provide an explanation for rejecting specific medical opinions of Rebecca Smith, a licensed speech-language pathologist, and Dr. Steve Muyskens, a pediatric cardiologist. ECF No. 16 at 1, 5, 10, 13–14; Tr. 521, 566. Plaintiff argues that the ALJ must give significant weight to medical opinions from treating physicians. ECF No. 16 at 10–12. The Commissioner argues that the particular opinions that Plaintiff cites are not medical opinions. ECF No. 17 at 2–3. For the following reasons, the Court concludes that the ALJ gave proper weight to the opinions of Dr. Muyskens and Rebecca Smith.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions." 20 C.F.R. § 416.927(a)(1) (2020). A speech-language pathologist who is licensed by the State professional licensing agency is an acceptable medical source for speech and language impairments. *Id.* § 416.902(a)(5). A pediatric cardiologist is also an acceptable medical source. *Id.* § 416.902(a)(1). Therefore, Smith and Dr. Muyskens are both acceptable medical sources.

A treating medical source is a claimant's "own acceptable medical source who provides [him], or has provided [him], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [him]." *Id.* § 404.1527(a)(2). Dr. Muyskens has treated Martinez multiple times throughout his childhood, creating an ongoing treatment relationship with him. *See, e.g.*, Tr. 226–35, 548–53, 564–66. Therefore, Dr. Muyskens is a treating medical source.

The record reflects only one encounter between Martinez and speech-language pathologist Rebecca Smith. Tr. 520–21, 534–38. Because one evaluation of a claimant is not sufficient to

create an ongoing treatment relationship, Smith is not a treating medical source. *Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008); *see* 20 C.F.R. § 404.1527(a)(2).

### A.    The ALJ properly considered Dr. Muyskens's opinion.

Federal regulations expressly require ALJs to evaluate "every medical opinion" of record. 20 C.F.R. §§ 404.1527, 416.927. The Social Security Administration states that it "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2). An ALJ should give a treating physician's opinion "great weight" in determining disability, but if good cause is shown, the ALJ may give the opinion little or no weight. *Rollins v. Astrue*, 464 F. App'x 353, 355 (5th Cir. 2012). The ALJ does not need to specifically cite each piece of medical evidence that he considered. *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005).

Here, Plaintiff argues that the ALJ failed to discuss, consider, or evaluate Dr. Muyskens's opinion from September 28, 2016. ECF No. 16 at 12; *see* Tr. 566. Plaintiff contends that the ALJ either did not consider the opinion, or he considered it but assigned it no weight. ECF No. 16 at 13. She specifically argues that the ALJ failed to consider Dr. Muyskens's statements that (1) Martinez's three surgeries for hypoplastic left heart syndrome were not corrective, meaning that Martinez still has severe congenital cardiac disease, (2) Martinez has "a lifelong medically handicapping condition," and (3) Martinez has "a limited ability to perform exercise and participate in activities." *Id.* at 12–13. Plaintiff's argument is unpersuasive because the ALJ clearly considered all of these points in his decision. *See* Tr. 40. The ALJ noted Martinez's three major palliative surgeries; his "very significant longitudinal history of surgical procedures;" and his limited ability to participate in competitive sports and physical activity. *Id.* The ALJ did not quote Dr. Muyskens's statement that Martinez's condition is "a lifelong medically handicapping

condition," but this is not error because an "ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). Plaintiff has not shown that the ALJ rejected Dr. Muyskens's opinion, failed to evaluate it, or assigned it improper weight, so the Court cannot reverse on these grounds.

**B.      The ALJ properly considered speech-language pathologist Rebecca Smith's opinion.**

Plaintiff argues that the ALJ failed to discuss, consider, evaluate, or acknowledge speech-language pathologist Rebecca Smith's opinion from February 15, 2016. ECF No. 16 at 13–15 (citing Tr. 521). Plaintiff's argument is unpersuasive because the ALJ cited Smith's opinion in his discussion of Martinez's ability to acquire and use information. Tr. 35; *see* Tr. 520–21. The ALJ noted that according to Smith's opinion, Martinez's speech was 100 percent intelligible with mild language delays. Tr. 35. The ALJ also noted evidence that Martinez's intelligence testing scores are above listing levels, his speech is clear and logical, he made the "A honor roll," and he can concentrate to the level necessary to perform his schoolwork. *Id.* The record shows that the ALJ evaluated Smith's opinion along with subjective evidence from Martinez's mother and teachers and other objective evidence. *See* Tr. 34–40. Plaintiff does not contend that the ALJ gave improper weight to Smith's opinion. Further, Plaintiff fails to show that the ALJ rejected or failed to evaluate Smith's opinion. Substantial evidence supports the ALJ's decision, and the ALJ clearly considered the record as a whole. Therefore, because the ALJ did not err in his evaluation of Smith's opinion, the Court cannot reverse on these grounds.

**IV.      CONCLUSION**

Because the ALJ employed the correct legal standards, substantial evidence in the record supports his decision, and Martinez has failed to show that reversal of the decision is required, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the

Commissioner's decision.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on April 3, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

8