IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ELVIRA MARTINEZ, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW M. SAUL, Commissioner of § <br> Social Security Administration, § <br> § <br> Defendant. § | <br><br><br><br>Civil Action No. 7:19-cv-00040-O-BP |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On April 3, 2020, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 19. The FCR recommended that the Court affirm the decision of the Commissioner of the Social Security Administration (the "Commissioner"), which concluded that Salvador Martinez ("Martinez"), a minor, is not disabled as defined by the Social Security Act. *Id.* at 2 (citing Admin. R. 45, ECF No. 14-1). Plaintiff Elvira Martinez ("Plaintiff") filed an Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on April 17, 2020. Pl.'s Obj., ECF No. 20.

The Court has conducted a de novo review of the FCR. For the following reasons, Plaintiff's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

**I.     FACTUAL BACKGROUND**

Martinez was born on October 9, 2005. Admin. R. 34, ECF No. 14-1. Plaintiff, Martinez's mother, filed an application for Supplemental Security Income ("SSI") on Martinez's behalf on January 3, 2006. *Id.* at 378. The Social Security Administration ("SSA") concluded Martinez was disabled since birth. *Id.* at 30. The SSA concluded that Martinez was still disabled as of May 17, 2012.

*Id.* But on February 26, 2016, the SSA determined that Martinez was no longer disabled. *Id.* The SSA upheld that conclusion upon reconsideration. *Id.* Plaintiff then requested a hearing, and the Administrative Law Judge ("ALJ") held a video hearing. *Id.*

The ALJ's decision applied the statutory three-step analysis to determine whether a child once deemed disabled continues to be disabled, and he concluded that Martinez's disability ended on March 10, 2016 and that Martinez had not since become disabled again. *Id.* at 31–32, 45. Specifically, the ALJ found that (1) Martinez's condition had improved since May 17, 2012—the "comparison point decision" ("CPD") date when he was last classified as disabled; (2) as of March 10, 2016, the impairments Martinez had on the CPD date did not meet, medically equal, or functionally equal those in the Listing of Impairments ("Listings"); and (3) that Martinez was no longer disabled. *Id.* at 33–34, 40–41, 45.

The Appeals Council denied review, and the Magistrate Judge reviewed the Commissioner's final decision that Martinez is no longer disabled. FCR 1, ECF No. 19. The FCR and Plaintiff's Objections are ripe for the Court's review.

## II.   LEGAL STANDARD

On review of the Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does

not re-weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

In determining whether a child continues to be disabled, the Commissioner uses a three-step analysis. *See* 20 C.F.R. § 416.994a(b). First, the Commissioner considers whether there has been "medical improvement," as defined in section 416.994a(c), in the claimant's impairments since the CPD date. *Id.* § 416.994a(b)(1). If not, the analysis is over, and the disability typically continues. *Id.* Second, if medical improvement has occurred, the Commissioner considers whether the "impairment(s) still meet or equal the severity of the listed impairment that it met or equaled" on the CPD date. *Id.* § 416.994a(b)(2). If so, the analysis is over, and the disability typically continues. *Id.* Third, if there has been medical improvement such that the impairments no longer meet or equal the severity of the Listings, the Commissioner will consider whether the claimant is disabled pursuant to §§ 416.924(c) and (d). *Id.* § 416.994a(b)(3).

To determine if the claimant is still disabled at the third step, the Commissioner must first determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe. *Id.* § 416.994a(b)(3)(i); *see also* § 416.924(c) (defining "severe" impairments). If not, the analysis is over, and the disability has ended. *Id.* § 416.994a(b)(3)(i). Second, if the impairment is severe, the Commissioner will consider whether the impairment meets or medically equals the severity of any impairment in the Listings. *Id.* § 416.994a(b)(3)(ii). If so, the analysis is complete, and the disability continues. *Id.* Third, if the severe impairment does not meet or medically equal the severity of any impairment in the Listings, the Commissioner will consider whether the impairment functionally equals the impairments in the Listings. *Id.* § 416.994a(b)(3)(iii).

To determine whether an impairment, or combination of impairments, functionally equals a Listing for children, the impaired child's functioning is compared to other children of their same age who do not suffer from an impairment. *Id.* § 416.926a(b). The impaired child is evaluated according to six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. *Id.* § 416.926a(b)(1). When the impact of the impairment on the child's functioning is "marked" in two or more domains, or "extreme" in at least one domain, the impairment functionally equals Listing-level severity. *Id.* § 416.926a(d); *see* § 416.926a(e) (defining "marked" and "extreme" limitations). If the impairment, or combination of impairments, functionally equals a Listing, the disability continues. *Id.* § 416.994a(b)(3)(iii). If not, the disability has ended. *Id.*

## III.   ANALYSIS OF OBJECTIONS

Plaintiff makes only one objection to the FCR: She contends the ALJ committed reversible error by failing to evaluate or provide an explanation for rejecting the medical opinions of Dr. Steve Muyskens ("Dr. Muyskens") and speech-language pathologist Rebecca Smith ("Smith"). Pl.'s Obj. 1–2, ECF No. 20.

Federal regulations require the ALJ to evaluate every medical opinion of record. 20 C.F.R. §§ 404.1527(c), 416.927(c). Furthermore, a medical opinion from a treating source should be given more weight than a medical opinion from a medical professional without a long and extensive treatment history with the claimant. *Id.* § 404.1527(c); *see* § 404.1527(a)(2) (defining "treating source"); *see also Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008) (holding an opinion from a physician who "performed a one-time consultative exam" on the claimant was not due special deference because he was not a treating source). The Magistrate Judge found that Dr. Muyskens' and Smith's opinions constitute medical opinions, and this Court agrees. FCR 5, ECF 19. All medical

4

opinions should be considered in conjunction with evidence from nonmedical sources, including the claimant. *See* 20 C.F.R. §§ 404.1527(b), 416.913(a)(4).

"[A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (emphasis in original). However, Plaintiff has not shown the ALJ rejected Dr. Muyskens' or Smith's medical opinions. The ALJ's review referenced Dr. Muyskens' and Smith's medical opinions and weighed them with additional evidence in finding that the claimant's disability had ended. Notably, the ALJ acknowledged Dr. Muyskens' September 28, 2016, letter (the "Letter") and other materials when noting Martinez's "very significant longitudinal history of surgical procedures," his limited ability to exercise, and his oxygen saturation. Admin. R. 40, ECF No. 14-1. Additionally, the ALJ noted that materials from Smith's February 15, 2016 evaluation of Martinez "establish[ed] 100 percent speech intelligibility with mild language delays." *Id.* at 42. Therefore, Plaintiff's contention that the ALJ failed to provide an explanation for rejecting the medical opinions of Dr. Muyskens and Smith is unpersuasive.

### A.  Dr. Muyskens' Opinion

Plaintiff argues that the ALJ "did not recognize Dr. Muyskens' September 28, 2016 letter, did not evaluate the opinions contained within, and did not provide an explanation for rejecting such opinions." Pl.'s Obj. 3, ECF No. 20. In support of her position, Plaintiff notes that, although the "ALJ acknowledged that Martinez had three major palliative surgeries, the ALJ never recognized Dr. Muyskens' [Letter stating] that [these surgeries] were 'only palliative . . . and not corrective.'" Pl.'s Obj. 2–3, ECF No. 20. Plaintiff further notes that, "while the ALJ concluded that Martinez had limited ability to participate in competitive sports and physical activity, the ALJ never cited to Dr. Muyskens'

[Letter stating] that Martinez had a 'limited ability to perform exercise and participate in activities'" and that "he did not recognize or evaluate Dr. Muyskens' opinion that Martinez's medical condition was 'a lifelong medically handicapping condition.'" *Id.* at 3.

In general, the ALJ need not list each piece of medical evidence he considers. *See Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). But medical opinions receive special attention. *See id.* Martinez's extensive and long-term treatment relationship with Dr. Muyskens affords Dr. Muyskens' opinion significant weight as that of a treating source. *See* 20 C.F.R. 404.1527(a)(2). Thus, Dr. Muyskens' medical opinion receives controlling weight as long as the findings are not inconsistent with the other substantial evidence in the record. *Id.* § 404.1527(c)(2).

Plaintiff relies on *Kneeland v. Berryhill*, which states, "opinions from examining physicians must be considered," and an "ALJ cannot reject a medical opinion without an explanation." Pl.'s Obj. 3, ECF No. 20 (quoting 850 F.3d 749, 760 (5th Cir. 2017)). Plaintiff contends the ALJ violated *Kneeland* and section 404.1527(c)(1) by not evaluating Dr. Muyskens' Letter and failing to explain his rejection of Dr. Muyskens' conclusions. Pl.'s Obj. 4, ECF No. 20.

In *Kneeland*, "[t]he ALJ's root error was failing to address—or even mention—[the doctor's] opinion." 850 F.3d at 761. But here, the ALJ did consider Dr. Muyskens' Letter, and he did so explicitly. In fact, the ALJ referencing the Letter itself and referencing its documentation of Martinez's Hypoplastic Left Heart Syndrome and the palliative surgeries. Admin. R. 40, 44, ECF No. 14-1. The ALJ's acknowledgement of the palliative, but non-corrective, surgeries indicates he considered the opinion and did not reject it. And while the ALJ did not explicitly refer to Martinez's "lifelong medically handicapping condition," that does not mean he failed to consider that part of the opinion. *See Hammond*, 124 F. App'x at 851.

The ALJ's finding does not indicate he rejected Dr. Muyskens' Letter, but instead considered it in conjunction with the other evidence and analyzed the record holistically. *Id.* The ALJ found that

"[s]ince March 10, 2016, the claimant has had the following severe impairment: symptomatic congenital heart disease and speech and language delays," *id.* at 40–41, and that Martinez "was limited in his ability to perform exercise as tolerated," *id.* at 44. But the ALJ ultimately concluded that the impairment did not functionally equal one of the Listings because it did not cause a "marked" or "extreme" functional limitation. *Id.* at 40–41. The ALJ acknowledged that Martinez still had limitations and impairments; however, he concluded that, since the surgeries, Martinez had improved such that his impairments no longer functionally limited him under section § 416.926(a). Because this status was determined by considering both Dr. Muyskens' Letter and the rest of the record, the ALJ did not err.

### B. Smith's Opinion

Plaintiff also argues that the ALJ did not evaluate or provide an explanation for rejecting speech-language pathologist Smith's opinion. Pl.'s Obj. 4–5, ECF No. 20. This argument is unpersuasive, and the Magistrate Judge was correct to conclude that the ALJ properly evaluated and considered Smith's February 15, 2016, opinion as well. *See* FCR 7, ECF No. 19.

Although a state-licensed speech-language pathologist is an acceptable medical source, Smith's opinion—which she derived from a single evaluation of Martinez—is not afforded the same weight of a medical opinion from a treating source. *See Robinson*, 271 F. App'x at 396. Because Smith's medical opinion is not entitled to controlling weight given the factors in section 404.1527(c)(2), other subjective evidence (such as Plaintiff's own testimony) may be considered in conjunction with Smith's opinion. *See* 20 C.F.R. §§ 404.1527(b), 416.913(a)(4).

When evaluating Martinez's "ability to acquire and use information" and "interacting and relating with others," the ALJ clearly evaluated and considered Smith's opinion. Admin. R. 34–35, ECF No. 14-1. The ALJ quoted Smith's opinion that Martinez showed "100 percent speech intelligibility with mild language delays." *Id.* at 42. However, Plaintiff objects because the ALJ did

7

not mention parts of Smith's opinion that stated Martinez had "moderately severe expressive/receptive language deficits, and skilled speech therapy was recommended" or "that therapy once to twice per week was necessary." Pl.'s Obj. 4, ECF No. 20. Again, an ALJ's failure to explicitly mention a piece of evidence does not mean he did not evaluate and consider it. *Hammond*, 124 F. App'x at 851.

The record indicates the ALJ considered Smith's opinion alongside other evidence within the record. Martinez's mother noted Martinez made the "A honor roll" and is able to concentrate at a level necessary to perform his schoolwork. Admin. R. 42, ECF No, 14-1. Moreover, the Hearing Officer observed that Martinez could "carry on a normal age appropriate conversation and his speech was clear and logical." *Id.* When considering this information together, there was substantial evidence to conclude that Martinez was no longer disabled.

### IV.   CONCLUSION

Having conducted a de novo review of the FCR and Plaintiff's Objection, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Martinez is not disabled as defined by the Social Security Act.

**SO ORDERED** on this **7th day of July, 2020.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**